UNIVERSAL FOREIGN SERVICE CO. (MIYAKO TRADING CO.) ET AL.
*v.* UNITED STATES

No. 5377.—Invoices dated Osaka, Japan, June 15, 1939, etc.
Certified June 17, 1939, etc.
Entered at Los Angeles, Calif., July 12, 1939, etc.
Entry No. 391, etc.

(Decided August 1, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That, at the time of exportation of the merchandise involved herein, which is marked on the invoices with the letter "A" and checked by examiners GRG G. R. Gulick GBP George B. Parks such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, packed ready for shipment to the United States, at the invoice unit price, plus packing as invoiced; also that at the time of exportation there was no higher foreign value for this merchandise.

(2) That, at the time of exportation of the above-described merchandise, no like or similar article, manufactured or produced in the United States, was being freely offered for sale for domestic consumption to all purchasers in the principal

market of the United States, in the ordinary course of trade, and hence, the appraisements herein, insofar as they were made under authority of the Presidential proclamation published in TD 46158, were inapplicable to said merchandise.

(3) That the appeals are abandoned as to all other merchandise not hereinabove referred to and not marked as indicated above.

(4) That upon this stipulation these cases may be deemed submitted.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the merchandise represented on the invoices by the items marked with the letter A and checked by examiners GRG, G. R. Gulick, and GBP, George B. Parks, such values are the invoice unit prices, plus packing as invoiced.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.